UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

WILBERT THOBY,

      Plaintiff,

vs.

SANTANDER CONSUMER USA, INC.,

      Defendant.

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, WILBERT THOBY, by and through undersigned counsel, and brings this action against the Defendant, SANTANDER CONSUMER USA, INC. ("SANTANDER"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act", ("FCCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA").

2. Plaintiff alleges that Defendant has unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct

*FD-2174*

contravention the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with the FDCPA, FCCPA and the TCPA.

3. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

4. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

## JURISDICTION

5. This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012).

6. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal TCPA and FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District.

## **PARTIES**

8. At all times material hereto, Defendant, SANTANDER is a foreign corporation, engaged in the financial services industry (i.e. auto loans), with its principal place of business at 8585 North Stemmons Freeway, Suite 1100-N, Dallas (Dallas County), Texas 75247 and is incorporated in the State of Texas.

9. At all times material hereto, SANTANDER was and is a "person" as said term is defined under Florida Statute §1.01(3).

10. At all times material hereto, SANTANDER regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

11. At all times material hereto, SANTANDER regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

12. At all times material hereto, SANTANDER was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

13. At all times material hereto, SANTANDER regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

*FD-2174*

14. At all times relevant to this Complaint, SANTANDER has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed, and/or terminated telecommunications. 47 U.S.C. § 153(14).

15. At all times relevant to this Complaint, SANTANDER engages in "telecommunications" as defined by the TCPA. 47 U.S.C. § 153(43).

16. At all times relevant to this Complaint, SANTANDER engages in "interstate communications" as defined by the TCPA. 47 U.S.C. § 153(22).

17. At all times relevant to this Complaint, SANTANDER has used, controlled, and/or operated "wire communications" as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce. 47 U.S.C. § 153(52).

18. At all times relevant to this Complaint, SANTANDER has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

19. With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the *capacity* to do

it." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009) (emphasis added).

20. Furthermore, the FCC has specifically rules that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order, 18 FCC Rcd 14092-14093* at ¶ 133.

21. At all times relevant to this complaint, the Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA, FCCPA and the TCPA by virtue of being directly affected by violations of the Act.

22. At all times relevant to this complaint, the Plaintiff, was and is a natural person  "person" as defined by 47 U.S.C. § 153(32).

23. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

24. Defendant sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes.

25. Upon information and belief, Defendant, SANTANDER by and through its through its agents, representatives and/or employees acting within the

*FD-2174*

scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone, 305-xxx-9406.

26. Defendant made calls to Plaintiff's cellular telephone which were not dialed by human hands.

27. On some occasions, Plaintiff would wait to speak with an employee of Defendant but often no one was there to even pick up their own telephone call.

28. Upon information and belief, Defendant has previously admitted in other litigation that it regularly uses an automatic telephone dialing system, often referred to as an "auto-dialer" or "predictive dialer".

29. Upon information and belief, Defendant publishes an internal manual for its employees, which refers to its own calling system as a "predictive dialer" no less than three times.

30. Upon information and belief, Defendant utilizes a predictive dialer system with the trade name of "Aspect" which is also the name of a product sold by Aspect Software, Inc.; said corporation sells, among other things, software which "*automates early-stage collections and enables expert agent engagement for a more effective delinquent account targeting strategy to improve collections results.*" (Source: http://www.aspect.com/Pages/Products/Outbound-Dialer.aspx)

31. On those occasions where the call was transferred to a human

*FD-2174*

operator, the operator would identify themselves as a representative from "Santander Consumer USA" and asked to speak with Plaintiff about his alleged automobile deficiency with Defendant.

32. Defendant called Plaintiff on his personal cellular phone nearly every single day for more than four straight months.

33. On many occasions, Defendant would cause Plaintiff's cellular telephone to ring two, three, and even four time in a span of just a few hours.

34. These hundreds of calls mostly originated from 1-888-222-4227, and include but are not limited to calls placed on:

| | | |
|---|---|---|
| 7/18/2013 12:14 | 9/4/2013 15:54 | 9/18/2013 9:56 |
| 7/19/2013 11:38 | 9/5/2013 11:51 | 9/19/2013 9:48 |
| 7/19/2013 11:49 | 9/5/2013 14:46 | 9/19/2013 12:06 |
| 7/20/2013 8:02 | 9/6/2013 10:53 | 9/19/2013 16:09 |
| 7/21/2013 16:33 | 9/6/2013 14:35 | 9/20/2013 9:08 |
| 7/22/2013 11:55 | 9/7/2013 11:47 | 9/21/2013 11:24 |
| 7/22/2013 13:02 | 9/8/2013 12:59 | 9/21/2013 13:27 |
| 7/22/2013 15:11 | 9/9/2013 11:31 | 9/22/2013 17:43 |
| 7/22/2013 15:54 | 9/9/2013 15:16 | 9/23/2013 12:08 |
| 7/23/2013 12:18 | 9/10/2013 10:34 | 9/23/2013 12:44 |
| 7/23/2013 12:33 | 9/10/2013 14:50 | 9/24/2013 12:11 |
| 7/23/2013 14:46 | 9/11/2013 12:26 | 9/24/2013 12:26 |
| 7/24/2013 8:07 | 9/12/2013 10:53 | 9/25/2013 9:08 |
| 7/24/2013 15:59 | 9/12/2013 15:05 | 9/26/2013 9:01 |
| 7/25/2013 8:03 | 9/13/2013 10:14 | 9/26/2013 12:04 |
| 7/25/2013 11:25 | 9/13/2013 13:19 | 9/26/2013 13:33 |
| 7/25/2013 13:49 | 9/15/2013 12:53 | 9/26/2013 14:32 |
| 9/1/2013 12:24 | 9/16/2013 11:50 | 9/27/2013 8:58 |
| 9/3/2013 13:20 | 9/16/2013 15:15 | 9/27/2013 11:39 |
| 9/3/2013 16:24 | 9/17/2013 12:08 | 9/27/2013 12:07 |
| 9/4/2013 12:13 | 9/17/2013 12:34 | |

*FD-2174*

35. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placements of the calls.

36. Plaintiff was damaged by these illegal calls. His privacy was improperly invaded, minutes were used from his cell phone plan and he was forced to spend time tending to unwanted calls.

37. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

38. Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

**COUNT I-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7)**

39. Plaintiff repeats, realleges and incorporates paragraphs 1 through 38.

40. Florida Statutes §559.72(7) states:

> "In collecting debts, no person shall…
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Florida Statutes §559.72(7).

*FD-2174*

41.     Defendant has on many occasions called Plaintiff by telephone directly, multiple times a day, day after day, attempting to collect the debt. Plaintiff's having to handle debt collection calls to Plaintiff's cellular multiple times a day, sometimes up to four times in a span of just a few hours, has annoyed Plaintiff and caused unnecessary upon Plaintiff and Plaintiff's family.

42.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(7).

43.     As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

44.     Plaintiff has hired Loan Lawyers, LLC, to represent Plaintiff in this action and has agreed to pay a reasonable attorney's fee.

45.     As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, SANTANDER CONSUMER USA, INC., for actual damages,

*FD-2174*

statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require.

### COUNT II-VIOLATION OF THE FDCPA, 15 USC 1692d(5)

46. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 38.

47. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in that Defendant caused Plaintiff's telephone with such frequency as to harass Plaintiff in contravention of 15 U.S.C. 1692d, which states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

48. Defendant has on many occasions called Plaintiff by telephone directly, multiple times a day, day after day attempting to collect the alleged debt. Plaintiff's having to handle debt collection calls to Plaintiff's cellular phone day

after day, sometimes up to four times in a span of just a few hours, has annoyed Plaintiff and caused unnecessary upon Plaintiff and Plaintiff's family.

49. Defendant's actions of calling Plaintiff continuously and regularly day after day, some days multiple times a day, reasonably can be expected to have the natural consequences of harassing Plaintiff which was the intent of Defendant in order to illicit payment from Plaintiff for the alleged debt.

50. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly and intentionally violated 15 U.S.C. 1692d(5).

51. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

52. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

53. Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, SANTANDER CONSUMER USA, INC., for actual damages,

FD-2174

statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### COUNT III- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)

54. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 38.

55. Defendant placed many non-emergency calls, including but limited to the calls referenced in paragraphs 34, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C §227 (b)(1)(A)(iii).

56. The term "automatic telephone dialing system" according to 47 U.S.C. § 227(a)(1):

> "… means equipment which has the capacity –
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
> (B) to dial such numbers."

57. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system without their express consent.

58. Plaintiff did not expressly consent to SANTANDER to contact him via cellular phone.

59. For each of the above phone calls placed to Plaintiff's cellular telephone, Plaintiff has been charged by his telephone service provider.

*FD-2174*

60. The aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system.

61. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

62. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

63. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming

calls whether they pay in advance or after the minutes are used. See *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

64.     Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

65.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii).

66.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C §227 (b)(1)(A)(iii).

67.     As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

68.     As a result of Defendant's violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and

$500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

69. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant SANTANDER CONSUMER USA, INC. for statutory damages of $1,500.00 for each and every violation, for an order enjoining Defendant from calling Plaintiff's cellular telephone by use of an automatic dialing system, A declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, WILBERT THOBY, hereby demands a trial by jury.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
YECHEZKEL RODAL, ESQ.
Florida Bar Number: 91210
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
E-mail:   chezky@floridaloanlawyers.com

FD-2174